**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| Pasita Gilmore<br>6301 Southern Avenue<br>Capital Heights, MD 20743 | * * | |
| Plaintiff | * | |
| Vs. | * | Civil Action Number: |
| ZARA<br>2002 Annapolis Mall Road<br>Annapolis, MD 21401 | * * | |
| Jane Doe Employee<br>2002 Annapolis Mall Road<br>Annapolis, MD 21401 | * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Pasita Gilmore, (hereinafter called "Plaintiff"), by and through his attorneys Kemet Hunt Law Group, Inc., and Hughie D. Hunt, Esq., hereby petitions the Court and states the following:

### PART ONE – THE PARTIES

1. During all relevant times in this Complaint, Plaintiff, Pasita Gilmore, was and is still a resident of Capital Heights in the State of Maryland;

2. Plaintiff is currently a 33-year-old black female resident of Capital Heights in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein., Maryland;

3. At all times relevant to the complaint, the Plaintiff was young black female with a dark complexion;

4. Defendant Zara was providing retail services and selling consumer goods in the Anne Arundel County Maryland and throughout the state of Maryland and nationwide;
5. Defendant Jane Doe was at all times relevant in the complaint employed by the Price Defendant ZARA as a store manager and at all times relevant was acting with scope of her employment and at the direction of Defendant Zara;
6. Under the Doctrine of Respondeat Superior, Defendant Zara, is responsible for all the acts of its employee, Jane Doe;

## PART TWO – JURISDICTION AND VENUE

7. This Court has jurisdiction to entertain all claims;
8. This is, in part, and action to redress the deprivations under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. 1983 and 1988, and arising under the laws, statutes and Constitution of the United States of America.  Plaintiff hereby invokes the pendant (supplemental) jurisdiction of this Honorable court Pursuant to 5-304 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland;
9. The jurisdiction of this Court is invoked under 28 U.S.C. 1331, 1343(1), (2), (3) and (4), this being an action authorized by law to redress the deprivations under color of state law, statute. ordinance, regulation, custom and usage of a right privilege, and immunity secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C.  1981 182 1983 and 1988;
10. Venue is proper under 28 U.S.C. 1391;

## PART THREE – UNDERLYING FACTUAL ALLEGATIONS

11. On December 7, 2017, the ZARA, located at Annapolis Mall, the Plaintiff and a Friend were shopping in the store
12. The Plaintiff purchased over $700 worth of items from the ZARA store obtained a receipt and then attempted the leave the store;
13. Jane Doe employee followed the Plaintiff the entire time in the store;
14. The Plaintiff was targeted by the Defendant's on account of her race being a young black female;

15. Despite the Plaintiff leaving the store, the Defendant's detained her and called to the police accusing the Plaintiff of theft of the items.
16. Despite the Plaintiff having a receipt, the Defendants refused to allow her to return her items at the store;
17. The Defendants have banned the Plaintiff from entering the ZARA.
18. The Defendants targeted the Plaintiff because of her race and humiliated the Plaintiff by having her held as if she was a criminal. Humiliating the Plaintiff in front of her two year old December 7th, 2017, the Plaintiff was detained at the retail store of ZARA solely for shopping while black in a predominantly white shopping mall;
19. The Plaintiff was targeted because of her race by the Defendants, seeking to convict her for a crime the Defendants knew and or should have known she did not commit;
20. Despite knowing that the Plaintiff did not steal any items from the store and despite paying the cashier for all their items, Defendant followed the Plaintiff through the store and profiling the Plaintiff;
21. After the Plaintiff paid for items, Jane Doe Employee continued follow and harass Plaintiff accusing of stealing from the store;
22. The Plaintiff had spent over $700 in the store and had receipts for the items;
23. Despite showing the receipts to Jane Doe Employee and giving her license and all of the items she had; the Plaintiff was detained and the Police were called;
24. The Defendants called the police and the Plaintiff was searched and detained on the spot without cause or justification;
25. After illegally searching the Plaintiff's body and person, the Plaintiff was allowed to leave because she in fact had purchased all the items in her possession;
26. The Plaintiff never visited the dressing room that day and Jane Doe Employee followed her the entire time;
27. Despite demanding to return the items, the Defendants refused to allow the return of the purchased items;

## PART FOUR – COUNTS
### COUNT ONE – Federal Civil Rights Violation

28. Plaintiff adopts and incorporates by reference, the allegations contained in paragraphs 1 through 27;
29. During all times mentioned herein, all Defendants, separately and in concert, engaged in illegal conduct herein mentioned, to the injure the Plaintiff, causing serious mental and

psychological damage, thereby depriving him of his existing and clearly established rights, privileges and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, under circumstances in which no reasonable officer, officers supervisor or county government would have failed to realize that such activity constituted a violation of the Plaintiff's rights;

30. Defendants wrongful conduct consists of individual acts of false arrest, false imprisonment, improper supervision, use of unreasonable force and failure to follow proper police protocol upon approaching a citizen, failure to use appropriate force, failure to take appropriate and reasonable steps which would reasonably have prevented the need to use force in the first place, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, and failure to carry out proper police procedure and protocol, which were visited on plaintiff, by Defendants, acting under color of law. These acts of violence, while carried out under control of law, have no justification or excuse in law, and are gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order;

31. The act alleged herein violated clearly established constitutional rights of the Plaintiff and were not objective or reasonable, and were done under circumstances in which no reasonable officer would fail to realize that his or her conduct was a violation of the Plaintiff's rights;

32. All Defendant had actual knowledge, or in the reasonable and diligent exercise of their duties should have known, that the aforesaid acts of each of the respective Defendants were against the laws of the United States, State of Maryland;

33. All Defendants acted negligently, wantonly recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations and protect the Plaintiff's clearly established and then-existing rights, under the laws and Constitution of the United States, State of Maryland;

34. All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly all names Defendants, acting individually and in concert, acted willfully, knowingly, and purposely with specific intent, to deprive the Plaintiff of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from

illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Plaintiff, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. 1981, 1982, 1983 and 1988; and by Title U.S.C. 245;

35. The acts alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influence by hate, the purpose being to deliberately and willfully injure Plaintiff;

36. As a direct and proximate result of the aforesaid acts of all Defendants, Plaintiff endured substantial pain and suffering and will have future mental anguish, loss of work, wages and property, and will have future medical care and treatment;

37. As a direct and proximate result of the aforesaid acts of all Defendants, Plaintiff was falsely arrested, falsely imprisoned, maliciously prosecuted, battered, and suffered loss of work and psychological damages;

**WHEREFORE,** Plaintiff demands judgment against all Defendants, individually and in their capacity as agents of Defendant, Zara in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein.

## COUNT TWO – MARYLAND CIVIL RIGHTS

38. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully alleged herein;

39. This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Declaration of Rights of the Constitution of the United States of America, State of Maryland, including but not limited to Articles 2, 19, 24, 26, and arising under the laws and statutes of the United States of America, State of Maryland;

40. During all relevant times mentioned herein, all defendants, separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of the Plaintiff to deprive the

Plaintiff his the existing and clearly established rights, privileges, and immunities secured to him by the Declaration of Rights of the Constitution of the United States of America, State of Maryland, including but not limited to Articles 2, 19, 24 and 26 and arising under the laws and statutes of the United States of America, State of Maryland;

41. Defendant State of Maryland, Baltimore city and Baltimore City Police Department are being sued, in part, because it negligently hired and negligently trained the Defendant Police Officers, without which negligence all other Defendants would not have harmed or injured the Plaintiff;

42. All Defendants acting under color of law, have subjected the Plaintiff to conduct consisting of use of unreasonable, unnecessary, excessive force, inhumanity, harassment, embarrassment, humiliation and police misconduct and false imprisonment, in denial of rights, privileges and immunities guaranteed to the Plaintiff, by the Constitution of the United States of America, State of Maryland;

43. This conduct consisted of individual acts of police misconduct, police brutality, false arrest, false imprisonment, improper supervision, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, and failure to carry out proper police procedure and protocol, all of which were visited on the Plaintiff by the Defendants, agents and employees of Defendant State of Maryland, Baltimore City, and Baltimore City Police Department acting under color of law have no justification or excuse in law, and constitute gratuitous, illegal, improper objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the court of protecting person or property, or ensuring civil order;

44. The acts herein violated clearly established constitutional rights of the Plaintiff and were not objective, reasonable, nor were the acts done under circumstances in which a reasonable officer would fail to realize that his or her conduct was a violation of the Plaintiff's right;

45. All Defendants had actual knowledge or in the reasonable and diligent exercise of their duties should have known, or the aforesaid, acts of each of the respective Defendants, as they were all involved in the illegal arrest and acts of terrorizing the Plaintiff;

46. All Defendants acted negligently, wantonly recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations and protect Plaintiff's clearly established and then-existing rights, under the laws and Constitution of the United States;

47. All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly all named Defendants, acting individually and in concert, acted willingly, knowingly, and purposely with specific intent to deprive the Plaintiff of his rights, privileges, and immunities secured to him by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Plaintiff, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. 1981, 1982, 1983 and 1988; and by Title U.S.C. 245;

48. The acts alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil rancorous motive influence by hate, the purpose being to deliberately and willfully injure the Plaintiff;

49. As a direct and proximate result of the aforesaid acts of all Defendant, Plaintiff endured substantial pain and suffering and will have mental anguish, loss of work, wages and property, and future medical care and treatment, and pain and suffering;

50. As a direct and proximate result of the aforesaid acts of all Defendants, the Plaintiff was falsely arrested, falsely imprisoned, battered, and suffered past and future loss of work and psychological damage;

51. All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly all named Defendants, acting individually and in concert, acted willfully, knowingly, and purposely with the specific intent to deprive the Plaintiff of his rights, privileges, and immunities secured to him by the Constitution of the United States, including but not limited to, the following: freedom from illegal detention or imprisonment; freedom from malicious prosecution, freedom from unreasonable force; freedom from physical abuse, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Plaintiffs, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. 1983 and 1988; and by Title U.S.C. 245

**WHEREFORE,** Plaintiff demands judgment against all Defendants, individually and in their capacity as agents of Defendant, Zara in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00

plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein.

## COUNT THREE – NEGLIGENCE

52. Plaintiffs adopt and incorporate by reference, the allegations contained in paragraphs 1 through 51 of this Complaint as if they fully alleged herein;

53. All of these rights which were violated by all Defendants were secured to the Plaintiff by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and Title 42 U.S.C., and by Title 18 U.S.C. 245;

54. During all relevant times mentioned herein, all Defendants, individually and in concert, engaged in the illegal conduct herein mentioned, to injure, arrest and deny the Plaintiff his then existing and clearly established rights, privileges, and immunities secured to him by the Declaration of Rights of the Constitution of the United States of America, State of Maryland, including but not limited to, Articles 2, 19, 24, and 26 rising under the laws and statues of the United States of America, state of Maryland;

55. Defendants jointly and severally had a duty to act with reasonable care so as not harm, injure or wrongfully interfere with the Plaintiff on or about December 7th, 2017;

56. Defendants breached their duty by unreasonable causing all Defendant Police Officers to wrongfully harm the Plaintiff without case and without any justification;

57. Defendants jointly and severally breached their duty to act peacefully and safely for the care of the Plaintiff, citizen of the United States, which breach of duty was the proximate cause of the Plaintiff's serious injuries;

**WHEREFORE,** Plaintiff demands judgment against all Defendants, individually and in their capacity as agents of Defendant, Zara in  the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein.

## COUNT FOUR – NEGLIGENT HIRING AND TRAINING

58. Plaintiffs adopt and incorporate by reference, the allegations contained in paragraphs 1 through 57 of this Complaint as if they fully alleged herein;

59. All of these rights which were violated by all Defendants were secured to Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth amendments to the Constitution of the United States, and by Title 42 U.S.C. 1983 and 1988; and by Title 18 U.S.C. 245;

60. During all relevant times mentioned herein, all Defendants, individually and in concert, engaged in the illegal conduct herein mentioned, to injure the Plaintiff and to deprive the Plaintiff of his then existing and clearly established rights, privileges, and immunities secured to them by the Declaration of Rights of the Constitution of the United States of America, State of Maryland, including but not limited to Articles 2, 19, 24 and 26 and arising under the laws and statutes of the United States of America, State of Maryland;

61. Defendant ZARA had a duty to act with reasonable care in hiring and training its employees, so as to not harm or cause harm to citizens such as Plaintiff, in the exercise of their right to commerce, prior to wrongful interference and injury of the Plaintiff, on or about December 7, 2017;

62. Defendant ZARA was the proximate cause of the injuries to the Plaintiff;

63. The pain and suffering of the Plaintiff and the humiliation of being accused of stealing without basis and solely being accused by being a young black female would not have happened had it not been for the gross negligent hiring and training of the Defendant's Zara's employees

64. These Defendant breached its duty to act peacefully and safely for the care of the Plaintiff, a citizen of the State of Maryland, which breach of duty was the proximate cause of the Plaintiff's serious mental anguish and suffering;

**WHEREFORE,** Plaintiff demands judgment against all Defendants, individually and in their capacity as agents of Defendant, Zara in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein.

## COUNT SIX - FALSE IMPRISONMENT AND ARREST

65. Plaintiff adopts and incorporate by reference, the allegations contained in paragraphs 1 through 64 of this Complaint as if they fully alleged herein;

66. Defendants intentionally restricted the freedom and movement of the Plaintiff who was aware of the restriction and did not consent;

67. As a result of the Defendants' false imprisonment, the Plaintiff suffered pain and suffering, harm and emotional distress;

**WHEREFORE,** Plaintiff demands judgment against all Defendants, individually and in their capacity as agents of Defendant, Zara in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein.

## VIOLATION OF MARYLAND CONSUMER PROTECTION ACT

68. Plaintiff adopts and incorporate by reference, the allegations contained in paragraphs 1 through 67 of this Complaint as if they fully alleged herein;

69. Plaintiff is a Consumer and Defendants are Merchants as those terms are defined in Maryland's Consumer Protection Act;

70. The MCPA prohibits unfair or deceptive trade practices including false, or falsely disparaging or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer service;

71. In violation of the MCPA, Defendants, engaged in acts and practices, made false and/or misleading statements, knowingly concealed, suppressed, and/or omitted material facts to the Plaintiff in a material way, as alleged throughout this Complaint;

72. Defendant knew or should have known that these false, deceptive and misleading actions, representations and omissions had the capacity, tendency, or effect of deceiving or misleading the Plaintiff, and did in fact deceive the Plaintiff;

73. In reliance upon Defendant's false deceptive and misleading actions, Plaintiff agreed to purchase the Property from the Defendant for $40,000.00;
74. Plaintiff, as vulnerable consumers, acted reasonably and justifiably in their reliance upon the actions and representations and omissions of Defendant;
75. Defendant should have known that Plaintiff would have never agreed to pay for the mobile home in full if Defendant did not provide the title to the mobile home;
76. As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff suffered actual damages, which include, without limitation, to interest in the subject property, rent paid, and other expenses;

WHEREFORE, Plaintiff, demand judgment against the Defendants in the amount of $5,000,000.00 compulsory damages, jointly and severally against all Defendants, and punitive damages in the amount of $5,000,000.00 plus interest, pre-judgment interest, post-judgment interest, attorney's fees and costs, and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiffs as mentioned herein. and Plaintiff petitions the Court to enjoin Defendants from any further or similar unlawful or unconstitutional acts as were committed against Plaintiff as mentioned herein.

Respectfully submitted,

**KEMET HUNT LAW GROUP, INC.**

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.
HDH15030
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
(301) 982.0888
Attorney for Plaintiff
hhunt@kemethuntlaw.com

**PRAYER FOR JURY TRIAL**

Comes now, Plaintiff, by and through her attorney, Hughie D. Hunt, Esq, and respectfully requests a jury trial.

/s/ Hughie D. Hunt
Hughie D. Hunt, Esq.